**Satinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–74974.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Dec. 6, 2010.*

Filed Dec. 13, 2010.

Judith Lott, Law Offices of Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Satinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum. We have jurisdiction under governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir.2008), and we deny the petition for review.

Singh does not raise any argument that he suffered past persecution, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–1260 (9th Cir.1996), but contends he has a well-founded fear of persecution based on having witnessed a riot from his roof-top in 1984, and based on the harm his father suffered after Singh left India. Substantial evidence supports the agency's finding that Singh has not established a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *see also Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution").

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.